■   LILLIAN KATZ, as Executrix of TILLIE GOLD, Deceased, Appellant, v ALBERT ROSEN et al., Respondents-Appellants. (Action No. 1.) LILLIAN KATZ, as Executrix of TILLIE GOLD, Deceased, Appellant, v ALBERT ROSEN et al., Respondents-Appellants, et al., Defendants. (Action No. 2.) CONSOLIDATED MUTUAL INSURANCE COMPANY, Third-Party Plaintiff-Appellant, v REPUBLIC NATIONAL BANK OF N. Y. et al., Third-Party Defendants-Respondents-Appellants. (Third-Party Action.)—In consolidated actions (1) on a bond and mortgage and (2), *inter alia,* for conversation of fire insurance proceeds, the appeals are from a judgment of the Supreme Court, Kings County, dated July 27, 1976, which, after a nonjury trial, *inter alia,* directed the application of insurance proceeds toward delinquent mortgage payments, and dismissed other causes of action, counterclaims and affirmative defenses. Judgment affirmed, without costs or disbursements. The trial court properly determined that there was no conversion. Based upon plaintiff's conduct, she should be estopped from asserting that she had not agreed to allow defendant Rosen to use the insurance proceeds for repairs. At oral argument, plaintiff withdrew her claims (1) that the Trial Judge erred in denying interest on the past due mortgage payments (Point IV) and (2) that the Trial Judge did not have the right to direct that a portion of the fire insurance proceeds be held in trust (Point VII). We have examined plaintiff's other causes of action and find that they were properly dismissed by the Trial Judge. Hopkins, J. P., Shapiro, Suozzi and Mollen, JJ., concur.